# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| PAUL KOCIELKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 3:09-CV-094 JVB |
| v. | ) | |
| | ) | |
| SUSAN SNYDER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Paul Kocielko, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. "A document filed pro se is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

> . . . only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009) (quotation marks and citations omitted).

"In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Mr. Kocielko makes allegations against two persons and three governmental agencies.

Though his description of events is lengthy, the fundamental events can be summarized briefly. Kocielko was a criminal defendant. As a part of Detective John Hammel's investigation, he interviewed witnesses. Those interviews were recorded on encrypted DVD's. Deputy Prosecutor Susan Snyder provided copies of those DVD's to Kocielko and his attorney. Kocielko and his attorney expended a great deal of resources trying to view them, but because the DVD's were encrypted, they were unsuccessful.

Kocielko argues that Deputy Prosecutor Susan Snyder was acting outside of the scope of her employment when she discussed this case and the DVDs with his attorney and staff. Kocielko is incorrect. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the

protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Conversations with defense counsel about evidence are within the scope of the authority of a deputy prosecutor. More importantly, they were within the prosecutor's role as an advocate for the State and in preparation for trial. Even though Kocielko alleges that Deputy Prosecutor Susan Snyder's conversations were intentionally calculated to waste time and money, she nevertheless has absolute immunity. Therefore the claims against her must be dismissed.

Kocielko argues that Detective John Hammel encrypted the DVDs. Even though he argues that the process of encryption constituted tampering with and withholding exculpatory evidence, it did not. The process of encryption is merely a prudent security measure, not meaningfully different than locking the door of the evidence room. Detective Hammel did not withhold the DVD's from Kocielko and his attorney. Indeed the DVDs were given to them. Nor did he edit the witness statements or otherwise tamper with them. More importantly, nothing about the issues with the DVDs prevented Kocielko and his attorney from calling the interviewees to testify at trial if they believed that they could provide exculpatory evidence. Therefore the encryption process did nothing to deny Kocielko exculpatory evidence. As a result, the claims against him will also be dismissed.

Finally, Kocielko names three governmental entities: the Elkhart County Prosecutor's Office, the State of Indiana,[1] and the Elkhart City Police Department.

> Though *Monell* [*v. New York City Department of Social Services*, 436 U.S. 658 (1978)] held that respondeat superior is not a ground for municipal liability under § 1983, it recognized the possibility of a direct claim against a municipality, based on a policy or custom of the municipality that violates the plaintiff's constitutional rights. In order to support such a claim, however, the plaintiff must begin by showing an underlying constitutional violation, in order to move forward

---

[1] The Eleventh Amendment prohibits monetary damage suits against States and their agencies. *Kashani v. Purdue University*, 813 F.2d. 843, 845 (7th Cir. 1987). Therefore the State of Indiana would have to be dismissed even if Kocielko had stated an underlying claim.

with her claim against the municipality. Because we have concluded that these plaintiffs have not alleged any plausible constitutional violation . . ., it follows that there is no wrongful conduct that might become the basis for holding the City liable.

*Schor v. City of Chicago*, ___ F.3d ___, 08-2837, 2009 WL 2461392, 2009 U.S. App. LEXIS 17993, 8 (7th Cir. 2009). So too here. Kocielko has not shown any underlying Constitutional violation, therefore he does not have any basis for a claim against the governmental entities.

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on August 27, 2009.

                                                                      s/Joseph S. Van Bokkelen
                                                                    Joseph S. Van Bokkelen
                                                                    United State District Judge
                                                                    Hammond Division